UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – I.B.T. EMPLOYER GROUP PENSION TRUST FUND and the BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – I.B.T. EMPLOYER GROUP WELFARE FUND,

    Plaintiffs,

vs.

MRZ TRUCKING,

    Defendant.

## COMPLAINT

Plaintiffs, the Board of Trustees of the Local 295/Local 851 – I.B.T. Employer Group Pension Trust Fund (the "Pension Fund") and the Board of Trustees of the Local 295/Local 851 – I.B.T. Employer Group Welfare Fund (the "Welfare Fund") (collectively, the "Plaintiffs" or the "Funds"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

### Nature of the Action

1. This is an action brought by fiduciaries to enforce the provisions of a collective bargaining agreement, trust agreements, and other plan documents, as well as statutory obligations imposed on the defendant MRZ Trucking ("MRZ") by Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, and 1145, and pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

10172-1

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

### The Parties

4. Plaintiffs have been, at all times material hereto, fiduciaries of the Funds. The Funds are both multiemployer employee benefit plans, which are administered in the County of New York by Savasta and Company, 60 Broad Street, 27th Floor, New York, NY 10004. Both Funds are collectively-bargained, jointly-trusteed funds organized and operating pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor-Management Relations Act ("LMRA").

5. Upon information and belief, defendant MRZ has been, at all times material hereto, an "employer" "affecting commerce" as defined by Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7), and is located at 150 Albany Avenue, Freeport, New York 11520.

### Collective Bargaining Agreement

6. Defendant MRZ is party to a collective bargaining agreement ("CBA") with Local Union 295 (the "Union").

7. The CBA covers the terms and conditions of defendant MRZ's employees who are represented by the Union for the period relevant hereto.

8. The CBA provides that contributions are to be made to the Funds by defendant MRZ on behalf of all bargaining unit employees.

10172-1

9. Under the CBA and/or the relevant Trust Agreement or other plan documents, pension and health and welfare contributions are due on or before the tenth (10th day) of the month following the month in which MRZ's employees performed covered work.

10. The CBA provides that the Funds' Trust Agreements are incorporated into the CBA as though fully set therein.

### The Funds' Trust Agreements and Other Plan Documents

11. The Funds' Trust Agreements provide that as a party to the CBA, defendant MRZ agrees to be bound by the terms of the Funds' Trust Agreements. The Trust Agreements also provide that each Fund's trustees may bring any action to enforce the agreements and to recoup unpaid contributions due the Funds.

12. The Funds' Trust Agreements and the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions (the "Funds' Collection Policy") provide that in the event that an employer fails to pay contributions in a timely fashion, the employer shall be responsible for payment of interest equal to the annual prime rate of interest quoted in the New York Times as of the date on which the Employer's contributions were due and payable (or the next business day if that date is not a business day), plus five percent (5%).

13. The Funds' Collection Policy further provides that if an employer fails to pay delinquent contributions and/or fails to pay interest on late-paid contributions, the employer shall be responsible for: (1) all attorneys' fees and disbursements incurred in seeking to collect such contributions or interest charges; (2) court costs; (3) liquidated damages equal to the greater of (i) interest on the unpaid contributions or (ii) twenty percent (20%) of the unpaid contributions; and (4) other legal or equitable relief as a court deems appropriate.

14. The Funds' Collection Policy also provides that the Funds' Trustees have the right to require a bond or a cash deposit as security for prompt future payments due from an Employer.

## Late Payment of Contributions

15. Defendant MRZ has repeatedly failed to remit contributions to the Funds in a timely fashion. Most recently, MRZ paid contributions for the months of January through July of 2007 late.

16. As a result of MRZ's repeated and chronic late payment of contributions, it has incurred interest charges of $8,406.87 to the Welfare Fund and $2,111.25 to the Pension Fund.

17. Both the Funds and Funds' counsel have demanded that MRZ remit payment of the interest charges, and MRZ has failed and refused to do so.

## First Claim for Relief: Interest on Late-Paid Contributions

18. Defendant MRZ is obligated, pursuant to the CBA, the Trust Agreements, and the Funds' Collection Policy, and other plan documents, to remit contributions to the Funds in a timely fashion and, where such contributions are not paid in a timely fashion, to pay interest thereon.

19. Defendant MRZ has repeatedly failed to remit contributions to the Funds in a timely matter, and has failed and refused to pay interest on the late-paid contributions.

20. The Funds have demanded that MRZ remit delinquent amounts, and defendant MRZ has failed and refused to do so.

21. Plaintiffs bring a claim under ERISA Section 515, 29 U.S.C. § 1145, to enforce the terms of the CBA, the Funds' Trust Agreements, and other plan documents, and to collect interest on late-paid contributions at the rate set forth in the Funds' Collection Policy and/or the

CBA and the Funds' Trust Agreements, as well as to collect attorneys' fees and costs and liquidated damages in an amount equal to interest.

### Second Claim for Relief: Injunction to Submit Payments Timely

22. Defendant MRZ is obligated, pursuant to the CBA, the Trust Agreements, and the Funds' Collection Policy, and other plan documents, to remit contributions to the Funds in a timely fashion.

23. MRZ has repeatedly failed and refused to comply with its obligation to remit contributions in a timely fashion.

24. Plaintiffs bring a claim under Section 502(a)(3)(A) of ERISA, 29 U.S.C. §1132(a)(3)(A), to seek an injunction ordering MRZ to cease and desist from making late payment of contributions and to pay such contributions timely.

25. Plaintiffs, by means of this action under Section 502(a)(3)(B) of ERISA, 29 U.S.C. §1132(a)(3)(B), also seek an order enforcing the terms of the CBA, the Funds' Trust Agreements, and the Funds' Collection Policy, which require MRZ to pay contributions timely.

### Third Claim for Relief: Posting of Bond

26. The Funds' Collection Policy provides that the Trustees may require an employer to post a bond or a cash deposit as security for prompt future payments due from an employer.

27. As a result of MRZ's repeated failure to pay contributions in a timely fashion, the Funds' Trustees seek to require MRZ to post a bond or cash deposit as security for prompt future payments to the Funds.

28. Plaintiffs, by means of this action under Section 502(a)(3)(B)(ii) of ERISA, 29 U.S.C. §1132(a)(3)(B)(ii) seek an order enforcing the terms of the Funds' Collection Policy and requiring MRZ to submit a bond or cash deposit.

## Prayer for Relief

WHEREFORE, plaintiffs pray that the Court enter judgment in their favor and against defendant and more particularly that the Court grant the plaintiffs the following relief, pursuant to Sections 502(a)(3) and 502(g)(1) and (g)(2) of ERISA, 29 U.S.C. § 1132(a) and 1132(g)(1) and (g)(2), as amended, and by the terms of the CBA, the Funds' Trust Agreements, and the Funds' Collection Policy:

(a) Order defendant MRZ to pay all interest owed on its late-paid contributions for the months January through July 2007, in the amount of $8,406.87 to the Welfare Fund and $2,111.25 to the Pension Fund;

(b) Enjoin defendant MRZ from making untimely payments in the future;

(c) Order defendant MRZ to abide by the terms of the plan documents and make timely payment of all future benefit fund contributions;

(d) Order defendant MRZ to post a bond or cash deposit as security for prompt future payments to the Funds.

(e) Order defendant MRZ to pay liquidated damages in an amount equal to interest;

(f) Order defendant MRZ to pay the plaintiffs' costs, attorneys' fees, and disbursements; and

(g) Grant plaintiffs such other and further relief as the Court may deem just and proper.

DATED: December 4, 2007

Cary Kane LLP

By: _____
Rachel S. Paster (RP 1216)
Cary Kane LLP
1350 Broadway, Suite 815
New York, NY 10018
(212) 868-6300

10172-1